UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-48 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| FRANCISCO FLORES-JORGE, aka PACO, | |
| Defendant(s). | |

Presently before the court is *pro se* defendant Francisco Flores-Jorge's motion for a sentence reduction under Amendment 782 of 18 U.S.C. § 3582(c). (Doc. # 358). Also before the court is the federal public defender's motion to withdraw as attorney. (Doc. # 365).

On December 29, 2014, defendant filed his *pro se* motion for a sentence reduction. (Doc. # 358). On January 28, 2015, pursuant to the District of Nevada's protocol for discretionary sentence reductions, the court entered an order appointing the federal public defender as counsel to represent the defendant. (Doc. # 360).

In its order, the court directed probation to prepare a supplemental presentence report ("PSR") addressing whether, in the probation office's assessment, the defendant is statutorily eligible for a sentence reduction under Amendment 782. The court further ordered the federal public defender to file any appropriate motion or stipulation within 120 days. (Doc. # 360).

Under the District of Nevada's protocol for discretionary sentence reductions, if counsel for the defendant determines that the defendant is not eligible for a sentence reduction, counsel shall communicate that determination to the defendant and move to withdraw as counsel.

On May 12, 2015, the federal public defender filed its motion to withdraw as attorney in this case. Counsel states that it has reviewed the defendant's file, including all relevant court

**James C. Mahan**
**U.S. District Judge**

1  documents. Based on this review, counsel represents that it will not file any motion for a sentence
2  reduction on the defendant's behalf. Accordingly, the federal public defender now seeks to
3  withdraw as counsel. (Doc. # 365).
4      The District of Nevada's protocol for discretionary sentence reductions provides that if
5  defense counsel files a motion to withdraw, the court will review probation's supplemental PSR
6  and determine whether a response from the United States attorney's office to defendant's *pro se*
7  motion is necessary, or whether it can rule on the motion without requiring a government response.
8  If the court determines that a response from the USAO is warranted, it shall order one.
9      In the present case, the court finds that a response from the USAO is unnecessary to rule
10 on the motion. Probation has provided the court with a reduction of sentence report for this
11 defendant. Probation recommends that the court find the defendant ineligible for a sentence
12 reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G. § 1B1.10. Probation
13 notes that the defendant's sentry report shows numerous disciplinary incidents while in custody.
14 Probation also states that the defendant's existing sentence is below the amended guideline range.
15     Pursuant to 18 U.S.C. § 3582, the court may reduce a term of imprisonment where a
16 defendant has been sentenced based on a sentencing range subsequently lowered by the United
17 States Sentencing Commission after considering the factors set forth in 18 U.S.C. § 3553(a). 18
18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10 cmt. n. 1(B)(i). Reductions in a term of
19 imprisonment based on an amended guideline range are governed by the policy statement set forth
20 at U.S.S.G. § 1B1.10. Among other factors, the court may consider the defendant's post-
21 sentencing conduct in determining whether a sentence reduction is warranted. *See* U.S.S.G. §
22 1B1.10 cmt. n. 1(B)(iii).
23     18 U.S.C. § 3553(a) sets forth factors to be considered in imposing a sentence. This section
24 directs the court to "impose a sentence sufficient, but not greater than necessary," to provide
25 adequate deterrence, protect the public from future crimes, and afford the defendant the needed
26 correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a).
27
28

**James C. Mahan**
**U.S. District Judge**

The applicable guideline range determined at defendant's sentencing hearing was 168 to 210 months.[1] Defendant was ultimately sentenced to 135 months per count, to run concurrently, pursuant to a downward variance. (Docs. # 339, 341). Defendant's existing sentence reflects the low end of the revised sentencing guideline range that currently applies pursuant to Amendment 782. *See* U.S.S.G. § 2D1.1.

Pursuant to U.S.S.G. § 1B1.10(b)(2), the court generally may not reduce defendant's term of imprisonment to a period less than the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). The sole exception to this rule involves cases in which the defendant originally received a below-guideline sentence pursuant to a government motion for substantial assistance. U.S.S.G. § 1B1.10(b)(2)(B).

Based on the foregoing, the court finds that defendant is not entitled to a discretionary sentence reduction in this case. Defendant originally received a below-guideline sentence, and the government did not file a motion for substantial assistance in this case. Defendant's existing sentence reflects the low end of the applicable amended guideline range, and the statute does not permit further reduction. Further, the court finds that a reduced sentence is not warranted in light of defendant's post-sentence conduct.

Defendant's motion will therefore be denied. Additionally, pursuant to the protocol, the court will grant the federal public defender's motion to withdraw as counsel.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* defendant Francisco Flores-Jorge's motion for a sentence reduction, (doc. # 358), be, and the same hereby is, DENIED.

---

[1] Defendant was initially sentenced based on a guideline range of 210 to 262 months. This reflected the court's application of a two-level enhancement for a leadership role. The court sentenced defendant to 210 months per count, to run concurrently. (Docs. # 305, 312). Defendant appealed, and the Ninth Circuit remanded based on the government's concession that insufficient evidence existed to support the enhancement for this defendant. (Doc. # 327). The court then resentenced defendant based on the amended guideline range as stated above.

**James C. Mahan**
**U.S. District Judge**

1  IT IS FURTHER ORDERED that the federal public defender's motion to withdraw as
2  counsel, (doc. # 365), be, and the same hereby is, GRANTED.
3  DATED May 26, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -