UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-48 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| JESUS GUADALUPE FELIX BURGOS, et al., | |
| Defendant(s). | |

Presently before the court is petitioner Francisco Flores-Jorge's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 397). The government filed a response (ECF No. 409), to which petitioner replied (ECF No. 412).

**I.     Facts**

On February 8, 2011, a grand jury indicted petitioner for one count of conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and four counts of distribution of a controlled substance in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and 18 U.S.C. § 2. (ECF No. 1).

On May 15, 2012, petitioner entered into a plea agreement with the government to plead guilty to all five counts. (ECF No. 205). Two days later, the court held a change of plea hearing where petitioner admitted to committing the offenses charged in the indictment. (ECF Nos. 217, 299).

On November 26, 2012, the court sentenced petitioner to two hundred and ten (210) months of custody per count to run concurrent with petitioner's sentence from a Montana case followed by five (5) years of supervised release. (ECF No. 303). The next day, the court entered judgment.

(ECF No. 305). Petitioner appealed the judgment and, on October 2, 2013, the Ninth Circuit vacated and remanded for resentencing. (ECF No. 327).

On January 21, 2014, the court resentenced petitioner to one hundred and thirty-five (135) months per count to run concurrently with petitioner's sentence in the Montana case. (ECF No. 339). On January 23, 2014, the court entered an amended judgment. (ECF No. 341). Petitioner did not file an appeal.

On March 16, 2016, petitioner filed the instant motion to vacate. (ECF No. 397).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

*a. Statute of limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 18 U.S.C. § 2255, provides a one-year limitation period in which to file a motion to vacate a federal conviction. 28 U.S.C. § 2255(f). The one-year limitation period begins to run from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Only subsection (1) applies to the facts of this case as the court entered final judgment on January 23, 2014. (ECF No. 341). Because petitioner filed his motion to vacate more than two years later, on March 16, 2016, petitioner's claims are time-barred. *See* (ECF No. 397). Accordingly, the court will deny petitioner's § 2255 motion.

   *b. Certificate of appealability*

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)
    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
        (B) the final order in a proceeding under section 2255.
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court holds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 397) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to dismiss petitioner's § 2255 motion (ECF No. 409) be, and the same hereby is, GRANTED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Flores-Jorge v. United States*, case number 2:16-cv-00593-JCM.

DATED February 4, 2019.

_____
UNITED STATES DISTRICT JUDGE